UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

M O N MITCHELL INC                     CASE NO. 6:18-CV-01188

VERSUS                                 UNASSIGNED DISTRICT JUDGE

MOBIL EXPLORATION &                    MAGISTRATE JUDGE WHITEHURST
PRODUCING NORTH AMERICA
INC ET AL

## REPORT AND RECOMMENDATION

Before the Court upon referral from the district judge is a Motion To Remand and for Attorney Fees and Costs filed by Plaintiff, MON Mitchell, Inc. ("Plaintiff"), [Rec. Doc. 13], a Joint Memorandum in Opposition filed by Defendants Mobil Exploration and Producing North America, Inc. ("MEPNA"), Mobil Oil Exploration and Producing Southeast, Inc. ("MOEPSI"), and SWN Production Company, LLC ("SWN") (collectively, "Defendants") [Rec. Doc. 19], and Plaintiff's Reply thereto [Rec. Doc. 22]. For the reasons that follow the Court will recommend that the Motion To Remand be granted and the Motion For Attorney Fees and Costs be denied.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleged that it owns the property at issue located in Section 35, Township 8 South, Range 3 East, St. Landry Parish, Louisiana, in the Bosco Oil and Gas Field ("the Property"). Plaintiff further alleged it became successor-in-interest

to the Property by the May 25, 2018 assignment from Charles and Monica Mitchell.

*R. 1-2, ¶ 5; R. 1-4.* Plaintiff contends that latent but recently discovered groundwater

contamination is beneath the Property.

Plaintiff further alleged that its predecessors-in-title and incorporators,

Charles and Monica Mitchell ("Assignors"), first learned of the possibility of this

groundwater contamination during a meeting with counsel on February 7, 2018. *Id.*

*at ¶6.* Thereafter, they acquired actual knowledge and constructive knowledge of the

contamination sometime after April 11, 2018, when their attorney first advised them

of the April 11, 2018 ICON Report of Initial Sampling. *Id.; R. 1-2, Exh. C.*

Immediately after learning of the actual groundwater contamination, Plaintiff's

predecessors-in-title, Charles and Monica Mitchell, both residents of Louisiana,

formed MON Mitchell, Inc., a Texas corporation, on May 25, 2018, and assigned

their ownership interest in the Property and any and all claims related to the

contaminated Property to MON Mitchell, the newly formed corporation on that same

date. *Id. at ¶6.* The "Assignment and Conveyance" of the property, duly recorded

on May 31, 2018, in the St. Landry Parish Recording Page, states that the Assignors

– Monica Ann Benoit Mitchell and Charles Neal Mitchell, both residents of the state

of Louisiana – "do hereby transfer, assign, convey, and deliver ... unto MON

MITCHELL, INC., a Texas corporation ... "all of their interest and rights in" the

Property. The Assignment and Conveyance states:

This transfer includes all rights in the subject property, including but not limited to rights of action and causes of action in tort, contract, Mineral Code, regulatory and other applicable law(s) to recover money damages, contamination cleanup, mandatory injunction, prohibitory injunction, and/or any other remedy available to address environmental damage to soil and groundwater on or adjacent to the aforesaid transferred property. This assignment specifically, but without limitation, assigns all rights under Act 312, La. R.S. 30:29, The Groundwater Act, La. R.S. 30:2015.1, The Conservation Act, La. R.S. 30:29, et seq., and The Environmental Quality Act, La. R.S. 30:2001, et seq., and related regulations, including the right to recover attorney fees and expenses.

. . .

This Assignment shall be effective May 25, 2018.

*R. 1-4, Assignment and Conveyance.*

Thereafter, Plaintiff filed this action on May 31, 2018 in the Twenty-seventh Judicial Court, Parish of St. Landry, State of Louisiana. *R. 1-2.* Defendants were served with process on August 24, 2018 and removed the case to this Court on September 10, 2018. *R. 1.*

## II.     CONTENTIONS OF THE PARTIES

In its motion, Plaintiff contends that because the parties are not diverse and the Court has no subject matter jurisdiction in this case, the only facts relevant to this Court's determination of remand are that: (1) Plaintiff is a legally formed Texas corporation, created by its director after learning of the presence of groundwater contamination at the property at issue in this lawsuit; (2) Plaintiff is the owner of the property and all claims related to the property at issue and was the owner at the time

3

the lawsuit was filed; and, (3) all Defendants are Texas citizens, *R. 1, ¶¶14-16.* In

support of its motion, Plaintiff cites the Court to *Nepveux, Inc. v. Mobil Exploration*

*& Producing North America, Inc.*, 2018 WL 4518006 (W.D. La. Sept. 20, 2018)

(adopting Report & Recommendation, 2018 WL 4523953 (W.D. La. Aug. 16,

2018)) ("collectively referred to as "*Nepveux*"), in which U.S. District Judge Terry

A. Doughty adopted this Court's Report and Recommendation in a case involving a

the same arguments made by the same Defendants herein against a different Texas

corporation. *R. 13.*

Defendants do not dispute the foregoing, but rather contend that the

assignment in this case and the assignment in *Nepveux, Inc.* were "sham

conveyances from a transferor to a wholly-owned transferee that lack any legitimate

business purpose." They argue that the Court should disregard the Texas citizenship

of MON Mitchell, the newly formed corporation, and instead evaluate the Court's

jurisdiction using the Louisiana citizenship of the Assignors. *R. 19, p. 4.* In the

alternative, Defendants contend that the Court should "pierce the corporate veil" of

MON Mitchell and look to the citizenship of the "alter egos", the Assignors.

### III.   LAW and ANALYSIS

#### A. *Subject Matter Jurisdiction*

It is well-settled that federal courts are courts of limited jurisdiction, and

therefore, removal statutes are subject to strict construction. *Willy v. Coastal Corp.*,

855 F.2d 1160, 1164 (5th Cir. 1988). The party seeking removal bears the burden of establishing that federal jurisdiction exists. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Any doubt regarding whether federal jurisdiction exists following removal must be resolved against a finding of federal jurisdiction. *Gash v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

Title 28 of the United States Code Section 1332 grants district courts subject matter jurisdiction over cases between citizens of different states when the amount in controversy exceeds $75,000. If MON Mitchell is recognized as a validly formed Texas corporation, and therefore a citizen of Texas, diversity jurisdiction is distroyed and this matter must be remanded.

In *Nepveux,* the Court considered virtually identical procedural facts as those in this case. In making its determination as to whether or not jurisdiction existed, the Court found the Supreme Court case of *Provident Sav. Life Assurance Soc'y of N.Y. v. Ford*, 114 U.S. 635 (1885) to be instructive. *Provident* involved an action to collect on a judgment where, one month after obtaining the judgment in federal court, the judgment creditor assigned 100% of his interest in the judgment to a non-diverse entity. *Id.* at 637. The non-diverse entity then sued to collect the judgment in a separate state court action. The defendant removed the matter arguing that diversity jurisdiction existed because the assignment was fraudulent and the real party in interest was the original non-diverse judgment creditor. The Supreme Court

disagreed stating that "[t]he plain answer to this position is that the action was nevertheless [the non-diverse entity's], and as against him there was no right of removal." *Id.* at 640.

Rather than apply the holding in *Provident*, Defendants state that the Court should look to *Lehigh Mining & Manufacturing Co. v. Kelly,* 160 U.S. 327 (1895) and *Miller & Lux, Inc. v. East Side Canal & Irrigation Co.*, 211 U.S. 293 (1908), cases which they contend "mimic" the "jurisdictional manipulation" in this case and in *Nepveux*. In those cases, a transferor corporation made a complete conveyance of land and causes of action to a second corporation, one wholly-owned by the stockholders of the transferor corporation and created for the sole purpose of achieving diversity. *Lehigh* at 330–31; *Miller & Lux* at 297–98, 306. In each case the Court rejected the jurisdiction-manipulating devices because the transferor corporations retained an interest in the subject matter.

The facts underlying these cases are distinguishable from the instant case and from *Nepveux.* In *Lehigh*, the subject entity's Articles of Incorporation specifically said that one of its purposes was to create jurisdiction. The Court ruled that a plaintiff corporation could not establish diversity jurisdiction by re-incorporating itself in a diverse state. *See id*. at 342.[1]  In *Miller & Lux*, the first corporation that transferred

---

[1] *Lehigh* involved a precursor to 28 USC § 1359. Parties collusively joined or made. Section 1359 prohibits such jurisdiction-manipulation, stating:

ownership to a second corporation with the same directors and shareholders was not dissolved, calling into question the completeness of the transfer. *See id.* at 127 (holding that such transfers can never be "absolute," since the transferor can always arrange to have the assigned claim transferred back and can therefore be said to "retain an interest"). Here the Assignors are individuals, and they cannot dissolve themselves. Collusiveness should not be imputed to the assignment at issue merely because Plaintiff is a closely held corporation. [2]

Also in *Nepreux*, this Court rejected the defendants' argument that the Court should follow the Fifth Circuit case, *Grassi v. CIBA-GEIGY, Ltd.*, 894 F.2d 181 (5th Cir. 1990). There, the Grassis obtained a default judgment against a foreign corporation and filed a collection action. On the same day, they assigned a 2 percent (partial) interest in their claim to a third-party foreign corporation. When the foreign corporation removed to federal court the Grassis argued that there was no diversity because there were foreign parties on both sides of the litigation. The district court denied the Grassis' motion to remand on the basis that the third-party was fraudulently joined to defeat diversity. On appeal, the Fifth Circuit affirmed but

---

A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

[2] Defendants also cite *Nukote of Illinois, Inc. v. Clover Holdings, Inc.*, 2011 WL 13290667 (N.D. Tex. Mar. 8, 2011). There, the district court found that because the transferor retained a financial interest in the subject matter of the assignment therein, it left "no doubt that it was made for collection purposes." *Id.* at *7.

7

distinguished the circumstances from *Provident* and other prior Supreme Court precedent from that in *Grassi. Id.* at 185.

Defendants state that the Court's ruling in *Nepveux* places undue focus on whether the transfer of the Property and assignment of legal claims from the individual owner to the plaintiff-corporation is complete or partial." *R. 19, p. 2.* The Court disagrees. In its decision not to extend the reasoning of *Provident*, the *Grassi* court specifically acknowledged that there were important practical differences between partial assignments and complete assignments that necessitated scrutiny of the former. *Grassi*, 894 F.2d at 185 ("In instances where the percentage of the interest assigned is relatively small and the assignor retains control of the suit, the substance of the action remains an in-state plaintiff versus an out-of-state defendant."). Absent a finding that the assignment was partial, it remains this Court's view that it is bound by *Provident* and its progeny and cannot examine the motives behind the assignment. *See Gulf Hydrogen*, 2013 WL 5945671, at *2–3 (S.D. Tex. Nov. 5, 2013) (citing *Black & White Taxicab & Transfer Co. v. Brown & Yellow Taxicab & Transfer Co.*, 276 U.S. 518, 524 (1928).

### B. Pierce the Corporate Veil

In the alternative, Defendants state that the Court should pierce the corporate veil of MON Mitchell as the alter ego of Assignors and look to their individual citizenship for determining jurisdiction in this case. Defendants contend that because

MON Mitchell was incorporated for the sole purpose of bringing this action in state court, the Assignment from the assignors to MON Mitchell was "no assignment at all." *R. 19, p. 7.* Defendants further contend that MON Mitchell has no business purpose and no separate existence. They argue that "based on past practices of Plaintiff's counsel" MON Mitchell "will be terminated as soon as the lawsuit is dismissed, with any proceeds from a judgment or settlement going directly to the Mitchells." *Id.* Again citing *Grassi*, they state that the "jurisdictional rules may not be used to perpetrate a fraud or ill-practice upon the court by either improperly creating or destroying diversity jurisdiction." *Id. at p. 9.*

Defendants, however, have provided no evidence or any verification to support their accusations. Nor have they offered any basis for determining that the Assignment and Conveyance of the Property, as well as the related claims for tort or environmental damage, to MON Mitchell was not a lawful exercise of the Assignors' rights under Louisiana law or involved an incomplete transfer of the assets.

As pointed out by Plaintiff, in a lawsuit seeking damages to clean up contaminated property, the property owner is the real party in interest. Under the "subsequent purchaser rule" a subsequent owner of the property has no right to sue the tortfeasor for the previously inflicted damage absent an assignment of the prior owner's personal right to sue for that damage. *See Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.,* 79 So.3d 246, 256-57 (La. 10/25/2011). Here, Plaintiff has

9

such assignment acknowledged by the Louisiana Supreme Court in *Eagle Pipe &
Supply*, giving it the right of action to sue for damages for the alleged Property
contamination. The validity of the Assignment held by MON Mitchell, the Property
owner, disputes Defendants' accusations that it is merely to perpetrate a fraud or ill-
practice upon the Court.

   Plaintiff also argues that because there was a completed assignment of the
Property, there can be no allegation that jurisdiction in this case was fraudulent, and
therefore, a veil piercing inquiry is not proper. They contend that since there can be
no fraud claim, *Panalpina Welttransport GmBh v. Geosource, Inc.*, 764 F.2d 352,
354–55 (5th Cir. 1985) prevents the court from disregarding MON Mitchell's
citizenship. The *Panalpina* court explained that even if the alter ego could be
established, the court cannot look through the corporation and disregard its state of
incorporation for diversity jurisdiction purposes.  The court stated:

> [T]he alter ego doctrine may be used to add places of citizenship to the
> abrogation of diversity jurisdiction but may not be used to extend such
> jurisdiction. Consistent therewith, if a parent were sued as a result of
> activities of a subsidiary, the alter ego doctrine would attribute the
> subsidiary's place of incorporation to the parent even if such resulted in
> destroying complete diversity. *Freeman v. Northwest Acceptance
> Corp.*, 754 F.2d 553 (5th Cir.1985).

*Id.*

   This Court finds that MON Mitchell is the real party in interest as the Property
owner and the Supreme Court's ruling in *Provident* controls. Defendants have

10

offered no basis for their accusations that the Assignors' assignment and conveyance of their interest in the property and claims for tort or environmental damage to MON Mitchell was not a lawful exercise of their rights under Louisiana law. The jurisdictional inquiry is limited to the fact of relocation and the intended and presumed permanency of that relocation; it does not include consideration of the motivation for making that change.

Defendants set forth that this Court's failure to pierce the corporate veil will deny Defendants their statutory right under 28 U.S.C. § 1332 to litigate in federal court. Section 1332, however, only applies to cases in which the parties have diverse citizenships. Here, the Court has determined that MON Mitchell is a Texas corporation and Defendants are Texas citizens. Section 1332 is not applicable and Defendants cannot be denied what was never available.

### C. Discovery

Based on the foregoing, the Court will not consider Defendants' request to pursue discovery related to the assignment.

### D. Costs and Attorney Fees

Pursuant to 28 U.S.C. § 1447(c), Plaintiffs have requested that the Court order Defendants to pay Plaintiffs' costs and attorney fees involved in filing its motion. An award of costs and attorney's fees, however, is not automatic upon a determination of improper removal. *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 292–93 (5th

11

Cir.2000). Rather, the decision is left to the discretion of the district court after a consideration of the merits of the defendant's case at the time of removal. *See id.* After reviewing the facts concerning the removal and remand of this matter, the Court concludes that an award of costs and attorney's fees is unwarranted.

## IV.    CONCLUSION

As provided above, the Court recommends that the Motion to Remand filed by Plaintiff, MON Mitchell, Inc. [Rec. Doc. 13] be GRANTED and this case remanded to the Twenty-seventh Judicial District Court, Parish of St. Landry, State of Louisiana. The Court further recommends that Plaintiff's Motion for Attorney Fees and Cost be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir.1996).

      **THUS DONE AND SIGNED** this 19th day of December, 2018.


                                  **CAROL B. WHITEHURST**
                                  **UNITED STATES MAGISTRATE JUDGE**